NOT FOR PUBLICATION

FILED

MAR 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDIS GLORIBEL ORELLANA-LARA, | No. 12-73221 |
| Petitioner, | Agency No. A094-798-432 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2016
San Francisco, California

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

Edis Gloribel Orellana-Lara, a citizen and native of El Salvador, applied for

asylum after she was arrested entering the United States without authorization at

the U.S.-Mexico border in Texas. Orellana-Lara contends that she suffered past

persecution and had a well-founded fear of future persecution because of her

membership in a particular social group. *See* 8 U.S.C. § 1158 (describing

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

eligibility for asylum); 8 U.S.C. § 1101(a)(42) (defining "refugee"). Orellana-Lara defined her particular social group as "young women in El Salvador who have been solicited by gangs." The IJ denied her claim for asylum, and the BIA dismissed her appeal.

In rejecting Orellana-Lara's claim, the BIA first stated that "Salvadoran youth who have resisted gang membership based on their own personal, moral, or religious opposition to gang values and activities do not constitute a particular social group." Having excised gang opposition from Orellana-Lara's proposed social group, the BIA then declined to consider whether "women" or "young women" was a protected group because Orellana-Lara had not shown that her attacks bore a "nexus" to her gender.

We need not decide whether the BIA correctly determined that Orellana-Lara's attacks were not on account of her gender. We have recently held that "persons taking concrete steps to oppose gang membership and gang authority" may constitute a particular social group. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014) (remanding for BIA to address this question); *see also Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). The BIA has also recently determined that "Honduran youth who have been actively recruited by gangs but who have refused to join because they oppose the gangs" could

constitute a particular social group. *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 228, 252–53 (B.I.A. 2014) (remanding for IJ to address this question). These cases show that the BIA should not have disregarded Orellana-Lara's opposition to gang membership and limited Orellana-Lara's proposed social group to just "'women' or 'young women.'"

Considering the social group Orellana-Lara proposed, "young women in El Salvador who have been solicited by gangs," we conclude that the record compels a finding that Orellana-Lara was persecuted on account of her membership in this group. The IJ found that Orellana-Lara was initially approached by four members of the Mara Salvatrucha gang who asked her to join.[1] Orellana-Lara then faced a series of threatening or violent encounters with some of the same gang members, and the IJ found that "she was persecuted nearly every week by these same individuals, wanting her to join the gang." This evidence establishes that Orellana-Lara was persecuted on account of her membership in the social group that she had proposed.

As in *Pirir-Boc*, the record evidence is not sufficient for us to determine whether Orellana-Lara's proposed social group meets "the revised standard" set

---

[1] The IJ found that Orellana-Lara was "entirely credible and worthy of belief."

3

forth by the BIA in decisions such as *M-E-V-G-*, *supra*, and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (B.I.A. 2014). *See Pirir-Boc*, 750 F.3d at 1084. We grant Orellana-Lara's petition for review and remand to the BIA to reconsider Orellana-Lara's application for asylum in light of the cases cited above and any other recent case law that bears on the question whether "young women in El Salvador who have been solicited by gangs" constitutes a particular social group for asylum purposes.

**PETITION GRANTED and REMANDED.**